# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Thomas Warren, | Case No. 18-CV-2850 (DWF/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michelle Renee Kovacs, et al., | |
| Defendants. | |

This matter comes before the Court *sua sponte* on the issue of jurisdiction. The underlying complaint contains allegations by Plaintiff Joshua Warren that Defendants Michelle Renee Kovacs and Thomas Andrew Kovacs caused him damages by their conduct towards him in relation to various personal property and other matters. Plaintiff Warren sought to proceed *in forma pauperis* ("IFP"). Typically, the Court considers the IFP application before any other action may be taken. However, here, the Court finds it appropriate to consider jurisdiction as the first matter of business.

A question of subject-matter jurisdiction may be raised by the Court *sua sponte* at any time. *Lundeen v. Canadian Pacific Ry. Co.,* 47 F.3d 606, 611 (8th Cir. 2006). Federal district courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs. Inc.,* 545 U.S. 546, 551 (2005). A district court may not exercise jurisdiction absent a statutory basis. *Id.* In order for a court to have diversity jurisdiction over a dispute based upon 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different citizenship than, each defendant. *Owen Equip. & Erection Co. v. Kroger,* 437

1

U.S. 365, 373 (1978). The presence of a non-diverse party automatically destroys subject matter jurisdiction when jurisdiction is based solely on diversity. *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 389 (1998). Therefore, diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. *Owen Equip.,* 437 U.S. at 374. Section 1332(a) specifically provides that there is not diversity between citizens of a State and citizens or subjects of a foreign state if the foreign subjects are admitted for permanent residence in the United States and are domiciled in the same State.

Plaintiff Joshua Warren filed his complaint in federal court on the basis of diversity jurisdiction because he alleges that he is a citizen of Minnesota, Defendant Michelle Kovacs is a citizen of Florida, and Defendant Thomas Kovacs is a dual citizen of Minnesota and Hungary. Warren also alleges that the aggregate amount in controversy exceeds $75,000, as he seeks recovery of at least $80,450. *See* Doc. 1 at 5. These allegations are not sufficient to establish federal jurisdiction because 28 U.S.C. § 1332(a)(2) specifically provides that there is not diversity between citizens of a State and citizens or subjects of a foreign state if the foreign subjects are admitted for permanent residence in the United States and are domiciled in the same State. Here, Plaintiff Warren is a citizen of Minnesota, and he alleges that Thomas Kovacs is a dual citizen of Minnesota and Hungary. Thus, from the face of the pleadings, Thomas Kovacs' dual citizenship destroys diversity.

It is hereby recommended that this Complaint be dismissed for lack of jurisdiction.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the case be hereby DISMISSED without prejudice for lack of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Dated: October 24, 2018              *s/Elizabeth Cowan Wright*
                                     ELIZABETH COWAN WRIGHT
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).